**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

ESTATE OF MICHAEL MCCORMACK, by and through his successor in interest Melinda Jacobson McCormack; MELINDA JACOBSON MCCORMACK, by and through her Guardian ad Litem, James McCormack,

Plaintiffs-Appellants,

v.

COUNTY OF SAN BERNARDINO; SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT; SANDRO XAVIER RIVERA; BRANDON ENRIQUEZ; DOES, 1 through 10,

Defendants-Appellees.

No. 23-55744

D.C. Nos.
5:21-cv-00148-JGB-SHK
5:22-cv-00769-JGB-SHK

MEMORANDUM*

Appeal from the United States District Court
for the Central District of California
Jesus G. Bernal, District Judge, Presiding

Argued and Submitted September 13, 2024
Pasadena, California

Before: FRIEDLAND and DESAI, Circuit Judges, and SCHREIER,** District

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The Honorable Karen E. Schreier, United States District Judge for the District of South Dakota, sitting by designation.

Judge.

The Estate of Michael McCormack and Melinda Jacobson McCormack (Appellants) appeal the district court's grant of summary judgment in favor of Brandon Enriquez on Appellants' failure to protect claim under the Fourteenth Amendment Due Process Clause.[1]  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

On July 31, 2020, Michael McCormack was booked into pre-trial custody at the West Valley Detention Center.  West Valley mental health staff placed Sandro Rivera, another detainee, in McCormack's cell on August 23, 2020.  McCormack and Rivera, who were both designated by West Valley mental health professionals as mentally ill, were housed together until August 31, 2020, when at approximately 12:09 a.m., Deputy Enriquez discovered that Rivera had brutally beaten and killed McCormack in their shared cell.

We review a district court's grant of summary judgment de novo, viewing all evidence in the light most favorable to the nonmoving party and drawing all reasonable inferences in that party's favor.  *Herrera v. Los Angeles Unified Sch. Dist.*, 18 F.4th 1156, 1158 (9th Cir. 2021).  To succeed on a Fourteenth Amendment due process claim for failure to protect from harm, a plaintiff must

---

[1] The claims against the other named defendants were dismissed based on a stipulation of the parties.

2

show: (1) "[t]he defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (2) [t]hose conditions put the plaintiff at substantial risk of suffering serious harm; (3) [t]he defendant did not take reasonable available measures to abate that risk, even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (4) [b]y not taking such measures, the defendant caused the plaintiff's injuries." *Castro v. Cnty. of Los Angeles*, 833 F.3d 1060, 1071 (9th Cir. 2016) (en banc). "With respect to the third element, the defendant's conduct must be objectively unreasonable." *Id.*

Appellants contend that Deputy Enriquez knew or should have known that Rivera posed a substantial risk of serious harm to McCormack because Rivera repeatedly stood at his cell door and loudly yelled expletives at guards and other inmates. Enriquez, however, never observed any conflict between McCormack and Rivera and reported that Rivera's yelling was never directed at McCormack. Additionally, while McCormack and Rivera were housed together, there were no reported acts of violence or other observed tensions between the two. McCormack never reported any problems with Rivera to staff despite receiving regular treatment from medical staff. There were also no reports that Rivera was physically violent with staff or other inmates. Thus, no "reasonable officer in the

circumstances would have appreciated [a] high degree of risk involved" in housing McCormack with Rivera. *Id.*

The district court therefore properly granted summary judgment to Enriquez on Appellants' failure to protect from harm claim.

**AFFIRMED.**